IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VERNA LEA KESTER                                                               PLAINTIFF

v.                                    CIVIL NO. 24-5011

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                 DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Verna Lea Kester, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on May 17, 2021, alleging an inability to work since October 1, 2020, due to migraines, degenerative disc disease, a fatty liver, a neck injury, kidney disease, arthritis, bilateral carpal tunnel syndrome and high blood pressure. (Tr. 127, 273).  For DIB purposes, Plaintiff maintained insured status through December 31, 2021. (Tr. 18, 288). An administrative telephonic hearing was held on November 29, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 37-73).

By written decision dated February 16, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).

1

Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, mild-moderate degenerative disc disease of the lumbar spine, right shoulder rotator cuff tendinopathy with questionable tear and mild bilateral wrist tunnel syndrome. However, after reviewing all the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21-22). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except occasional ladders, ropes, scaffolds, stoop, kneel, crouch, crawl; occasional bilateral overhead reaching; frequent bilateral handling and fingering; no bright sunlight; office level noise (3).

(Tr. 22). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as an order filler and other work as a cafeteria attendant, a garment sorter, and a bakery worker. (Tr. 26-27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 22, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 7, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

### III.     Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 7). Plaintiff argues the following issues on appeal: A) The ALJ failed to fully and fairly develop the record; B) The ALJ erred at Step Two; C) The ALJ erred in assessing Plaintiff's subjective complaints; D) the ALJ erred in determining Plaintiff's RFC; and E) The ALJ failed to address the conflict between the vocational expert testimony and the Dictionary of Occupational Titles. (ECF No. 7). The Court will consider each of these arguments.

####         A.     Insured Status and Relevant Time Period:

To have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2021. Regarding Plaintiff's application for DIB, the overarching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of October 1, 2020, her alleged onset date of disability, through December 31, 2021, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB, she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984) (explaining claimant has the burden of establishing the existence of a disability on or before the expiration of her insured

4

status). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (explaining the ALJ need "only consider the applicant's medical condition as of his or her date last insured").

      **B.**      **Duty to Develop the Record:**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but she must also show that she was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and that the ALJ should have ordered additional consultative evaluations. (ECF No. 7, pp. 2-6).

5

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments prior to the expiration of her insured status. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; she simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the entire 2,263-page administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make her decision. The medical record includes treating physician records prior to, during and after the relevant time period; two non-examining medical consultant opinions; physical exam reports; objective testing to include x-rays and MRIs and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that she was prejudiced by any perceived failure to develop the record.

### C. Step Two Analysis:

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*); *See also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

Plaintiff argues the ALJ erred by not finding additional severe impairments as it relates to her claim of migraines, finger DIP osteoarthritis and trigger thumb, a partial tear of her biceps tendon and infraspinatus tendinopathy and thoracic degenerative disc disease. (ECF No. 7, p. 6).

The ALJ determined that through the date last insured Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, mild-moderate degenerative disc disease of the lumbar spine, right shoulder rotator cuff tendinopathy with questionable tear and mild bilateral wrist tunnel syndrome. (Tr. 20). The ALJ further found that Plaintiff's alleged impairments of a fatty liver, hyperlipidemia and an overactive bladder were non-severe impairments as the medical evidence of record did not reflect more than minimal work-related durational limitations; and that Plaintiff's alleged migraines, trigger finger and left thumb and ganglion cyst were non-severe because the medical evidence of record did not reflect that these impairments would cause more than minimal work-related durational limitations for the period of adjudication. (*Id*.).

A review of the record revealed Plaintiff sought infrequent treatment for her alleged migraines during adjudicative period and that after her insured status had expired, Plaintiff denied

7

experiencing headaches on August 26, 2022, and October 25, 2022. While Plaintiff sought treatment for left thumb pain in December of 2021, Dr. Johnson noted that this problem had resolved by March of 2022. (Tr. 1905, 2231). With respect to her alleged shoulder impairment and thoracic spine impairments, the record consistently notes Plaintiff had full range of motion and strength during the time period at issue. (Tr. 971, 1311, 1430, 1853-54, 2242).

While the ALJ did not find every medical diagnosis to be a severe impairment, the ALJ specifically and thoroughly discussed the alleged impairments in the decision, and clearly stated that she considered all of Plaintiff's impairments, including the impairments that were found to be non-severe for the time period in question. *Parker v. Kijakazi*, No. 4:21-CV-00547-NCC, 2022 WL 3585610, at *4 (E.D. Mo. Aug. 22, 2022) (even if the ALJ erred in failing to find an alleged impairment severe, the error was harmless in light of the ALJ's consideration of the impairment in the RFC analysis). After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### D. Subjective Allegations:

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 F.2d at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See Id.; Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective allegations. The ALJ decision outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. (Tr. 20-26). For example, the ALJ considered that while Plaintiff complained of severe pain, the medical evidence of record for the period of adjudication reflected nonaggressive, conservative treatment with effective pain medication management. (Tr. 25). The ALJ also noted Plaintiff's daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id*. The ALJ noted Plaintiff's function reports wherein Plaintiff reported she as able to prepare meals, walk, exercise, clean, take care of her pet, shop in stores, pay bills, and do yard work and mow. *Id*. Plaintiff also reported she was able to babysit her grandchildren and continued to do so through at least March of 2022. (Tr.

9

310, 2228). Based upon the Court's review, there is no basis for reversal on this issue. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints… if there are inconsistencies in the record as a whole").

     **E.**     **RFC Determination:**

In this matter, the ALJ determined that through the date last insured, Plaintiff retained the RFC to perform light work with limitations. (Tr. 22). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 7, pp. 9-10). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by

substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ prior to the expiration of her insured status. While Plaintiff disagrees with the ALJ's reasoning when discussing the evidence, Plaintiff does not point to any evidence in the record that the ALJ should have considered, but failed to consider, in calculating Plaintiff's RFC. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 22-25). The ALJ addressed evidence that revealed Plaintiff was able to live alone and take care of her personal needs, perform light household chores, mow, drive, shop in stores, pay bills, attend to her medical appointments, walk, and exercise. The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above. In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. *Id.* The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the hearing decision. *Id.* The ALJ also considered the findings of non-examining medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC. *Id*. The ALJ also noted Plaintiff had no physician-placed functional restrictions that would preclude work activity for Plaintiff's determined RFC during the time period at issue. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).

Plaintiff has the burden of establishing her claimed RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Because Plaintiff has not met this burden in this case and because the ALJ's RFC

11

determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### F. Past Relevant Work and Step Five:

Although the Court believes there is substantial evidence to support the ALJ's decision relating to the above issues, and although Plaintiff failed to raise the following issue in her brief,[1] the Court nevertheless finds this matter should be remanded to the ALJ, because the Court believes there is an apparent conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert testimony. In determining Plaintiff's RFC, the ALJ limited Plaintiff to occasional bilateral overhead reaching. (Tr. 22). The ALJ then found Plaintiff could return to her past relevant work as an order filler, as well as other work as a cafeteria attendant, garment sorter and bakery worker of all which require frequent to constant reaching. *See* DICOT §§ 222.487-014, 311.677-010, 222.687-014, 524.687-018 *at* www.westlaw.com. Consequently, there is a conflict between the DOT and the vocational expert's testimony. *See Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014) (stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the vocational expert identified jobs which the DOT said required frequent reaching).

At the administrative hearing on November 29, 2022, the ALJ and the vocational expert had the following discussion regarding overhead reaching:

---

[1] Plaintiff argues that the ALJ erred in relying on the testimony of the vocational expert finding Plaintiff's past relevant work as an order filler, asserting that the vocational expert testimony obtained in her previous applications found Plaintiff's past relevant work to be that of an order picker. (ECF No. 7, p. 10). Plaintiff further states that the vocational expert testified that lifting twenty-five pounds is consistent with the definition of light work. *Id*. The Court will not address the classification of Plaintiff's past relevant work as remand is warranted for a separate issue.

> ALJ: …I forgot to ask you. I did give the limitation on occasional bilateral overhead reaching. For the jobs you gave me and the past work as order filler, is that consistent with DOT on that?
>
> VE: I believe so, Your Honor, but let me just go ahead and double check to make sure.
>
> ALJ: Okay.
>
> VE: Your Honor, it does have some overhead reaching, but I did see that you indicated occasional.
>
> (Off the record)
>
> (On the record)
>
> ALJ: So, we're back on the record. So, Dr. Sloss, and I did give a limitation on only occasional bilateral overhead reaching, so is the past work and the jobs you gave me consistent with the DOT on that, that those would still be available?
>
> VE: Yes, Your Honor.

(Tr. 67-68).

When an apparent conflict between the DOT and vocational expert testimony exists, an ALJ has an affirmative responsibility to address the conflict. *Young v. Apfel*, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the vocational expert appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a vocational expert responded "yes" when asked if her testimony was consistent with the DOT. *Moore v Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (quoting SSR 00-4p, 2000 WL 1898704, at *2-4). In this case, there is no indication that the ALJ was aware of the conflict or how she made such a

determination. The Court therefore believes this failure to resolve the conflict is reversible error. *Schatz v. Colvin*, No. CV 15-511, 2016 WL 4639176, at *4 (W.D. Ark. Sept. 6, 2016).

Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the vocational expert's testimony and the DOT and therefore, the vocational expert's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the vocational expert's testimony and the DOT.[2]

## IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of June 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] In *Kemp v. Colvin*, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit Court of Appeals noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.